UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NOORA DHAFIR ALSARIAA,

                       Plaintiff,

           -against-

TEMPOSITIONS INC. SCHOOL PROFESSIONALS,

                       Defendant.

24-CV-2451(ER)

ORDER OF SERVICE

---

EDGARDO RAMOS, United States District Judge:

       Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that her employer discriminated against her based on her national origin. The Court also construes the complaint as asserting claims under 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. By order dated April 2, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

       Because Plaintiff alleges facts in both her complaint and amended complaint in support of her claims, the Court treats the complaint and the amended complaint as the operative pleading. Furthermore, the Court directs the Clerk of Court to effect service on Defendant.

## DISCUSSION

       Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court treats the complaint and the amended complaint as the operative pleading in this action.

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents – including the complaint and the amended complaint – necessary to effect service to the U.S. Marshals Service.

---

summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:  August 19, 2024
        New York, New York

_____
EDGARDO RAMOS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

TemPositions Inc. School Professionals
622 Third Avenue, 39th Floor
New York, NY 10017